**ALLSTATE INSURANCE COMPANY, Plaintiff–Counterclaim Defendant–Appellant,**

v.

**Terry SWANN and Pamela Swann, Defendants–Appellees,**

**Donald L. Rayburn, Defendant–Counterclaim Plaintiff–Appellee.**

No. 92–6803.

United States Court of Appeals, Eleventh Circuit.

Aug. 9, 1994.

Steven F. Casey, Alan T. Rogers and Michael D. Freeman, Balch & Bingham, Birmingham, AL, for appellant.

Charles R. Crowder, Leila Hirayama Watson and David C. Johnson, Johnson & Cory, P.C., Birmingham, AL, for Donald Rayburn.

Thomas B. Hanes, Barnett, Noble, Hanes & Sparks, Birmingham, AL, for Terry and Pam Swann.

Before ANDERSON and BIRCH, Circuit Judges, and CONWAY *, District Judge.

* Honorable Anne Callaghan Conway, U.S. District Judge for the Middle District of Florida, sitting by designation.

CONWAY, District Judge:

Allstate Insurance Company ("Allstate") appeals an adverse judgment following a jury trial concerning whether, and to what extent, Allstate was liable for fire losses under a homeowners insurance policy. For the reasons that follow, we affirm in part and reverse in part.

## I. FACTS AND PROCEDURAL HISTORY

Terry and Pamela Swann ("the Swanns") owned a house insured under a homeowners policy issued by Allstate. Donald L. Raburn ("Raburn") was identified in the policy as a mortgagee. In the application for insurance, the Swanns represented that Mr. Swann was in the property management business. In May 1990, a fire destroyed the Swanns' home.

In September 1990, Allstate filed a declaratory judgment action against the Swanns in the United States District Court for the Northern District of Alabama. In its initial complaint, Allstate sought a declaration that it had no liability under the policy for the fire losses because the Swanns set the fire, or caused it to be set, and made material misrepresentations in the insurance application and claim processes. Allstate later amended its complaint to add Raburn as a defendant. In the amended pleading, Allstate alleged that during its claims investigation, Raburn misrepresented to Allstate the extent and validity of his mortgage interest. Allstate sought a declaration that it was not liable to Raburn under the homeowner's policy and that Raburn's mortgage was invalid and unenforceable. Alternatively, Allstate sought a declaration specifying the extent of Raburn's mortgage interest. Thereafter, Raburn counterclaimed against Allstate for breach of the insurance contract.

The case was tried in March 1992. Allstate introduced evidence that the fire was incendiary. Allstate also presented circumstantial evidence of the Swanns' alleged motive for setting the fire. Allstate's evidence linking the Swanns to the fire was likewise circumstantial.

Allstate also introduced evidence that the Swanns misrepresented Mr. Swann's occupation in the insurance application. Mr. Swann testified that during some years, most of his income came from gambling, rather than from real estate. R. 54 at 88.[1]

After Mr. Swann testified, Allstate called one of its homeowners underwriting managers as a witness, for the purpose of establishing that Allstate would not have issued the policy to the Swanns had it known that Mr. Swann earned his living from illegal gambling. On direct examination, Allstate's counsel asked the underwriting manager, John Looby, the following question:

At the time the policy was issued to Terry and Pamela Swann, if the applicant had stated on his application that he derived his income from gambling, would Allstate have issued the policy?

R. 55 at 340. Counsel for the Swanns objected, without stating any grounds, and the district court sustained the objection. After Allstate's counsel explained what Allstate sought to prove through the witness, the district judge stated:

First of all, I take it there's an objection for best evidence. Are these underwriting guidelines written, Mr. Looby?

R. 55 at 340. Mr. Looby responded "yes, sir", whereupon the district judge sustained the objection. Allstate's counsel then remarked that all of the underwriting guidelines were not written, after which the district judge instructed him to ask his next question. Later, out of the presence of the jury, Allstate's counsel proffered that

... Mr. Looby would testify that if Mr. Swann had provided a true statement on his application regarding the source of his income the policy would not have been issued, that their principles prohibit in fact the issuance of policies to people that earn their living in that fashion.

R. 55 at 379–80.

After Allstate rested its case, the district court directed a verdict against Allstate on its misrepresentation claim against the Swanns. The district court likewise directed

---

1. Throughout this opinion, the notation "R. __ at     __" refers to the trial transcript.

a verdict in Raburn's favor on the separate misrepresentation claim against him and on Allstate's claim that the mortgage was invalid. Raburn was also granted a directed verdict on his counterclaim for breach of the insurance contract.

The defendants did not present any evidence. After they rested, the case was submitted to the jury. In answers to special interrogatories, the jury stated that neither of the Swanns had willfully burned the home, or caused it to be burned. The jury also determined the pre-fire market value of the house, and the actual cash value of the home's contents which were destroyed by the fire. Finally, the jury determined the amount of money owed by the Swanns to Raburn under the mortgage. The district judge entered a single judgment awarding $377,873.30 to the Swanns and $203,704.92 to Raburn. Allstate filed a motion for new trial, which the district judge denied.

Allstate appeals (1) the district judge's entry of a directed verdict in the Swanns' favor on Allstate's misrepresentation claim, (2) the district judge's jury instruction concerning an insurer's burden of proving arson based on circumstantial evidence, and (3) the district judge's refusal to give Allstate's requested special jury interrogatory concerning its arson claim. We consider only the propriety of an evidentiary ruling underlying Allstate's first issue on appeal, and the separate question of whether Allstate has waived any appeal as to Raburn.

## II. DISCUSSION

### A. Exclusion of Mr. Looby's Testimony.

■ We first must determine whether Allstate has waived its right to challenge the district judge's exclusion of Mr. Looby's testimony. Allstate did not list this particular ruling in its statement of the issues in the initial brief. Instead, Allstate phrased the issue as "Whether the lower court erred in directing a verdict on Allstate's misrepresentation claim where the insured misrepresented his occupation on his application for insurance." Allstate's initial brief seems to suggest that there was sufficient evidence, independent of Mr. Looby's testimony, to create a jury issue on Allstate's misrepresentation claim. However, Allstate also extensively discussed the exclusion of Mr. Looby's testimony in its initial brief. Allstate quoted verbatim the question posed to Mr. Looby, the exchange between the district judge and counsel contemporaneous with the court's exclusion of the evidence, and Allstate's proffer of Mr. Looby's anticipated testimony. Although Allstate's initial brief does not contain citations to legal authority pertaining specifically to the evidentiary ruling, the brief at least raises the suggestion that the trial court erred in excluding Mr. Looby's testimony. Moreover, after the Swanns' counsel noted, almost in passing, in the answer brief that Allstate had not attacked the evidentiary ruling, Allstate filed a reply brief that directly challenged and discussed the ruling.

■ Issues that clearly are not designated in the initial brief ordinarily are considered abandoned. *FSLIC v. Haralson,* 813 F.2d 370, 373 n. 3 (11th Cir.1987). However, briefs should be read liberally to ascertain the issues raised on appeal. *Id.; United States v. Milam,* 855 F.2d 739, 743 (11th Cir.1988) (citing *Haralson* ); *Kincade v. General Tire & Rubber Co.,* 635 F.2d 501, 504 (5th Cir.1981).

Viewed liberally, Allstate's initial brief raised the issue of the propriety of the district judge's exclusion of Mr. Looby's testimony. Allstate preserved the issue of the evidentiary ruling in the lower court, extensively discussed the circumstances of the ruling in its initial brief, and specifically argued the point in its reply brief. Under these circumstances, application of the waiver rule would be unduly harsh.

■ Having determined that the evidentiary ruling is before us, we next address whether the trial court erred in excluding Mr. Looby's testimony on the basis of the "best evidence rule." Evidentiary rulings are reviewed under an abuse of discretion standard. *Sherrin v. Northwestern Nat'l Life Ins. Co.,* 2 F.3d 373, 377 (11th Cir.1993).

Rule 1002, Federal Rules of Evidence, states

> To prove the content of a writing, ... the original writing ... is required, except as

otherwise provided in these rules or by Act of Congress.

Though somewhat expanded, Rule 1002 "is otherwise a conventional restatement of the so-called 'best evidence' rule." 5 J. Weinstein & M. Berger, *Weinstein's Evidence* ¶ 1002[01], at 1002–3 (1993). Except as provided in Rule 1002, "there is no general rule that proof of a fact will be excluded unless its proponent furnishes the best evidence in his power." *Id.* Rule 1002 requires production of an original document only when the proponent of the evidence seeks to prove the content of the writing. *See United States v. Howard,* 953 F.2d 610, 612 & n. 1 (11th Cir.1992); *United States v. Tombrello,* 666 F.2d 485, 491 (11th Cir.), *cert. denied,* 456 U.S. 994, 102 S.Ct. 2279, 73 L.Ed.2d 1291 (1982). It does not, however, "require production of a document simply because the document contains facts that are also testified to by a witness." *United States v. Finkielstain,* 718 F.Supp. 1187, 1192 (S.D.N.Y. 1989).

The district court abused its discretion in excluding Mr. Looby's testimony pursuant to the best evidence rule. The question posed to Mr. Looby did not seek to elicit the content of any writing; therefore, Rule 1002 was not implicated. Although Mr. Looby testified that he was familiar with Allstate's underwriting guidelines, and his answer to the question undoubtedly would have been based in part on the contents of those guidelines, Mr. Looby would not necessarily have been required to state the contents of the guidelines in order to answer the question.

■ We next address the question whether the district judge's error was harmless. The harmless error standard applies to erroneous evidentiary rulings. *Aetna Cas. & Surety Co. v. Gosdin,* 803 F.2d 1153, 1159 n. 12 (11th Cir.1986).

Generally, the Swanns contend that entry of directed verdict was nevertheless proper because Allstate did not present any evidence on "one or more" of the necessary elements of its misrepresentation claim. For the necessary elements of an insurer's misrepresentation defense (in this case, actually a misrepresentation claim) under Alabama law, the Swanns cite *Dempsey v. Auto Owners*

*Ins. Co.,* 717 F.2d 556 (11th Cir.1983). In *Dempsey,* this court listed the following elements of such a defense:

(1) the statements were false and made with intent to deceive;

(2) the statements related to matters materially affecting the risk; and

(3) the insurer relied upon the statements to its detriment.

*Dempsey,* 717 F.2d at 560.

The Swanns concede that Allstate presented some evidence that a misrepresentation was made in the application. They maintain, however, that Allstate did not introduce any evidence that the misrepresentation materially affected the risk, or that Allstate relied on the misrepresentation to its detriment (elements 2 and 3 of the *Dempsey* test).

Allstate characterizes *Dempsey* as merely stating one way an insurer may void a policy based on an insured's misrepresentations. Allstate argues that it was not required to prove the second and third *Dempsey* elements in order to establish a *prima facie* misrepresentation defense under Alabama law. To support this argument, Allstate cites *Ala.Code* § 27–14–7 (1993). In pertinent part, that statute provides:

(a) All statements and descriptions in any application for an insurance policy or annuity contract, or in negotiations therefor, by, or in behalf of, the insured or annuitant shall be deemed to be representations and not warranties. Misrepresentations, omissions, concealment of facts and incorrect statements shall not prevent a recovery under the policy or contract unless either:

(1) Fraudulent;

(2) Material either to the acceptance of the risk or to the hazard assumed by the insurer; or

(3) The insurer in good faith would either not have issued the policy or contract, or would not have issued a policy or contract at the premium rate as applied for, or would not have issued a policy or contract in as large an amount or would not have provided coverage with respect to the hazard resulting in the loss if the true facts had been made

known to the insurer as required either by the application for the policy or contract or otherwise.

Allstate also relies on *Stephens v. Guardian Life Ins. Co. of Am.*, 742 F.2d 1329 (11th Cir.1984). In *Stephens,* this court stated:

[Section] 27–14–7 furnishes three separate grounds for the rescission of a policy. The most innocent misrepresentation will afford a reason to rescind if the truth is either material to the risk or, even if immaterial, would have caused the particular insurer acting in good faith to have declined coverage in the amount and at the rate obtained by the applicant.

*Id.* at 1333 (footnote omitted).

■ *Stephens,* rather than *Dempsey,* controls. *Dempsey* does not even mention the Alabama statute, while the more recent *Stephens* case directly, and correctly, construes it. Moreover, *Stephens* relies on a 1982 Alabama Supreme Court decision[2] construing the statute, while *Dempsey* cites older Alabama cases. Finally, *Stephens* is more analogous because it, like the instant case, involved an alleged misrepresentation in an application for insurance. *Dempsey,* by contrast, involved a post-loss misrepresentation. Accordingly, Allstate is correct in maintaining that it was not required to introduce evidence that the Swanns' misrepresentation was material to the risk, or that Allstate relied on the misrepresentation to its detriment, in order to make out a *prima facie* misrepresentation claim.[3] Rather, Allstate need only have presented evidence that the Swanns made the misrepresentation, and that Allstate would not have issued the homeowners policy had it known the actual facts.

■ The district court excluded the only evidence Allstate offered to support its position that the company would not have insured the Swanns but for the misrepresentation. Had that evidence been admitted, Allstate would have made out a *prima facie* misrepresentation claim, requiring submis-

sion of that claim to the jury. Since the district judge's ruling precluded Allstate from establishing a *prima facie* claim, it cannot be characterized as harmless error.

**B.** *Mortgagee Raburn.*

■ Raburn argues that Allstate did not raise any issue, theory or claim against him in its initial brief. Allstate counters by pointing out that the lower court entered one judgment for Raburn and the Swanns, and contends that the first issue raised in its initial brief attacks the judgment rendered in favor of Raburn. Response of Appellant Allstate Insurance Company to Raburn's Motion to Dismiss Appeal at p. 1.

Allstate's argument is flawed. The "misrepresentation claim" referenced in Allstate's first appellate issue is Allstate's misrepresentation claim against the Swanns, not against Raburn. As previously noted, Allstate had a separate misrepresentation claim against Raburn for alleged post-loss misrepresentations. Allstate did not appeal the trial court's directed verdict for Raburn on that claim.

Apparently, Allstate now contends that its first stated appellate issue implicitly encompasses the argument that if Mr. Swann made a misrepresentation in the application, the policy was void as to everyone, including Raburn. Raburn counters that this may have been the argument Allstate intended to make, but there is no such argument in Allstate's initial brief. Rather, the argument first appeared in Allstate's response to Raburn's motion to dismiss the appeal. Moreover, Allstate has not disputed Raburn's contention that no such argument was advanced at trial.

Generally, an appellate court will not consider an issue that is raised for the first time on appeal. *In re Pan Am. World Airways, Inc.,* 905 F.2d 1457, 1461–62 (11th Cir.1990). Allstate has waived the argument it now seeks to make against Raburn. Because Allstate has not raised any grounds that warrant reversal as to Raburn, the judgment

**2.** *National Sav. Life Ins. Co. v. Dutton,* 419 So.2d 1357 (Ala.1982).

**3.** Even if evidence of materiality and detrimental reliance were required, Mr. Looby's excluded testimony was sufficient to create a jury issue on those elements.

entered in Raburn's favor is due to be affirmed.

### III. CONCLUSION

Based on the foregoing, the judgment of the district court is REVERSED as to the Swanns and AFFIRMED as to Raburn. The case is REMANDED for a new trial as to the Swanns. We deem it unnecessary to reach the other issues raised by Allstate.