[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 18, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-10488
Non-Argument Calendar

_____

D. C. Docket No. 04-01361-CV-S

DOUGLAS L. GILBERT,

Plaintiff-Appellant,

versus

UNITED STATES DEPARTMENT OF JUSTICE,
ACTING ATTORNEY GENERAL, Peter D. Keisler,
FEDERAL BUREAU OF PRISONS,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(October 18, 2007)

Before ANDERSON, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Douglas L. Gilbert, proceeding *pro se*, appeals the district court's grant of summary judgment in favor of the U.S. Department of Justice ("DOJ"), specifically, the Bureau of Prisons ("BOP"), as to claims of (1) age discrimination, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a)(1); (2) disability discrimination, in violation of the Rehabilitation Act, 29 U.S.C. § 791; and (3) retaliation, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-3, each stemming from the BOP's failure to rehire him.

## I. BACKGROUND

In 1988, the BOP hired Gilbert as an Inmate Systems Manager ("ISM") at the Federal Correctional Institution ("FCI") Talladega. He served in this position until 1994, when he began suffering from disabling depression and was ultimately removed from employment for medical inability. Over the next eight years, Gilbert received federal worker's compensation benefits as a result of his depression.

Gilbert began attempts to return to work for the BOP in 2002. He applied for numerous positions at BOP institutions, including his former position as an ISM at FCI Talladaga. He was denied employment across the board. On June 29, 2004, Gilbert filed a complaint in the United States District Court for the Northern District of Alabama.

While Gilbert's case was before the district court, the number of his pending claims fluctuated. Gilbert's first amended complaint included at least eleven claims of employment discrimination regarding his denied applications for various BOP positions. The district court dismissed these claims for failure to exhaust administrative remedies. Gilbert then amended his complaint a second time to incorporate the claims of an Equal Employment Opportunity ("EEO") complaint. The EEO complaint involved the BOP's refusal to consider Gilbert for two positions: ISM at FCI Talladega and ISM at FCI Petersburg. However, during a hearing on the BOP's motion to dismiss, Gilbert fully withdrew the FCI Petersburg claims, leaving only the FCI Talladega claims. In the EEO complaint, Gilbert generally asserted claims for retaliation under Title VII, disability discrimination under the Rehabilitation Act, and age discrimination under the ADEA.

The above issues are not on appeal. Gilbert offers no arguments challenging the district court's dismissal of his first amended complaint, and he fails to allege any steps taken to begin the administrative process with respect to those claims. Additionally, Gilbert expressly abandoned his FCI Petersburg claims in the district court and may not resurrect them on appeal. *See Menuel v. City of Atlanta*, 25 F.3d 990, 994 n.7 (11th Cir. 1994).

Although Gilbert's brief before this court generally fails to raise relevant,

substantive legal arguments and identify issues for appeal with specificity, we afford a liberal construction to *pro se* pleadings. *Tannenbaum v. United States,* 148 F.3d 1262, 1263 (11th Cir.1998) (per curiam). Furthermore, briefs before this Court are read liberally to ascertain the issues raised on appeal. *Allstate Ins. Co. v. Swann*, 27 F.3d 1539, 1542 (11th Cir. 1994) (citing *FSLIC v. Haralson,* 813 F.2d 370, 373 n. 3 (11th Cir. 1987)). Therefore, as the bulk of Gilbert's brief appears to relate to issues surrounding the district court's decision to award summary judgment to the BOP, and because this decision is the crux of Gilbert's remaining appealable case, we will review this decision as to each of his claims: age discrimination, disability discrimination, and retaliation, each stemming from the BOP's denial of his application for the ISM position at FCI Talladega.

We will also review Gilbert's claim of judicial bias and prejudice. Gilbert argues that the district court based its rulings on prejudice stemming from its assumption that he failed to disclose relevant information–his receipt of disability benefits–in a collateral matter.

## II. DISCUSSION

A. *Judicial Bias*

Gilbert argues broadly that the district court judge was prejudiced and biased against him. We construe this as a request for recusal. Because Gilbert failed to

seek recusal of the district court judge in the proceedings below by filing an affidavit pursuant to 28 U.S.C. § 144, we review the judge's decision not to recuse herself *sua sponte* under 28 U.S.C. § 455 for plain error. *U.S. v. Berger,* 375 F.3d 1223, 1227 (11th Cir. 2004) (per curiam) (citing *Hamm v. Members of Bd. of Regents of State of Fla.,* 708 F.2d 647, 651 (11th Cir. 1983)). "To disqualify a judge under § 455(a), the bias 'must stem from extrajudicial sources, unless the judge's acts demonstrate such pervasive bias and prejudice that it unfairly prejudices one of the parties.'" *Id.* (quoting *United States v. Bailey,* 175 F.3d 966, 968 (11th Cir.1999) (per curiam)). An adverse ruling does "'not provide a party with a basis for holding that the court's impartiality is in doubt.'" *Id.* at 1227 (quoting *Byrne v. Nezhat,* 261 F.3d 1075, 1103 (11th Cir. 2001)). Gilbert does not present any evidence of extrajudicial bias on the part of the district court, and therefore we conclude that no plain error occurred in the district court judge's failure to recuse herself.

B. *Summary Judgment*

"We review the district court's grant of summary judgment *de novo*, applying the same legal standards that bound the district court, and 'viewing all facts and reasonable inferences in the light most favorable to the nonmoving party.'" *Cruz v. Publix Super Mkts., Inc.*, 428 F.3d 1379, 1382 (11th Cir. 2005)

(quoting *Strickland v. Water Works and Sewer Bd. of the City of Birmingham,* 239 F.3d 1199, 1203 (11th Cir. 2001)). Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

When a plaintiff relies upon circumstantial evidence to establish a discrimination claim, whether it be based on age, disability, or retaliation, the district court examines it using the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *Crawford v. City of Fairburn, Ga.*, 482 F.3d 1305, 1308 (11th Cir. 2007) (retaliation under Title VII); *Wascura v. City of S. Miami*, 257 F.3d 1238, 1242-43 (11th Cir. 2001) (disability discrimination);[1] *Smith v. J. Smith Lanier & Co.*, 352 F.3d 1342, 1344 (11th Cir. 2003) (per curiam) (age discrimination under ADEA). Within this framework, if the plaintiff establishes a *prima facie* case of discrimination, the burden shifts to the defendant to put forth a legitimate, non-

---

[1] Although *Wascura* concerns the Americans with Disabilities Act ("ADA"), the standard for determining liability under the Rehabilitation Act is the same as that under the ADA. *See e.g., Sutton v. Lader,* 185 F.3d 1203, 1208 (11th Cir. 1999) (citing *Gordon v. E.L. Hamm & Assocs., Inc.,* 100 F.3d 907, 911 (11th Cir. 1996)).

discriminatory reason for its actions. *McDonnell Douglas*, 411 U.S. at 802. Once the defendant articulates a legitimate reason, the presumption of discrimination is rebutted, and the burden shifts to the plaintiff to offer evidence that the alleged reason of the defendant is a pretext for discrimination. *Crawford,* 482 F.3d at 1308 (citing *Wilson v. B/E Aerospace, Inc.,* 376 F.3d 1079, 1087 (11th Cir. 2004)). "The plaintiff must meet the reason proffered head on and rebut it." *Id.* (citing *Wilson,* 376 F.3d at 1088).

Even if we assume that Gilbert established a *prima facie* case of age discrimination, disability discrimination and retaliation regarding his application for the ISM position at FCI Talladega, Gilbert offers no evidence contesting the BOP's legitimate, non-discriminatory reason for not hiring him. It is uncontested that applications for the ISM position at FCI Talladega were due by June 21, 2002 and that consideration for the position was limited to current BOP employees and former employees on the DOJ's re-employment priority list ("RPL"). The BOP asserts that although it received Gilbert's application on June 5, 2002, he was not added to the RPL until August 1, 2002, and therefore was not considered for the position.[2] Gilbert has repeatedly failed to present any evidence to rebut this

---

[2]Gilbert was removed from this list years later for ineligibility due to his failure to disclose his continued receipt of disability benefits. In his brief, Gilbert repeatedly contests this action and his arguments may have merit. However, eligibility for RPL rights is immaterial to Gilbert's claims of discrimination and retaliation, rather the critical issue is whether Gilbert's

legitimate, non-discriminatory reason. Accordingly, because Gilbert has not met his burden of production to offer evidence that the BOP's failure to rehire him for the ISM position at FCI Talladega was a pretext for discrimination or retaliation, the district court did not err in granting summary judgment in favor of the BOP.

## III. CONCLUSION

After reviewing the evidence in the record, we conclude that the district court did not err in granting summary judgment in favor of the BOP as to Gilbert's claims concerning FCI Talladega because he failed to present evidence to establish that the BOP's legitimate, non-discriminatory reason for refusing to rehire him was a pretext for discrimination or retaliation. We also conclude that the district court judge did not commit plain error in failing to recuse herself. Accordingly, we affirm.

**AFFIRMED.**

---

name was *actually listed* on the RPL at the time FCI Talladega reviewed his application. Gilbert does not offer evidence contesting this issue–in fact, Gilbert's own exhibit, a letter from the DOJ's Human Resources department dated January 27, 2003, states he was added to the RPL on August 1, 2002.