[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 4, 2010
JOHN LEY
CLERK

No. 09-15790
Non-Argument Calendar
_____

D. C. Docket No. 07-00835-CV-CAM-1

BRIAN LESLIE YOUNG,

Plaintiff-Appellant,

versus

JOE NICHOLS, et al.,

Defendants,

JOHN OR JANE DOE,
Chairman of the Board of
Commissioners of Newton County,
JOHN OR JANE DOE,
the Mail Clerk,
JANE DOE, I,
JANE DOE, II,
JOHN OR JANE DOE,
Medical Administrator,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(October 4, 2010)

Before CARNES, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Brian Leslie Young, a Georgia prisoner, appeals *pro se* the order granting summary judgment to former Sheriff Joe Nichols, Captain Marty Roberts, Lieutenant Darrell Goodman, Sergeant Sonya Benton, Officer Joseph Lightsey, Sergeant Brice D. Smith, Deputy Michael Lewis, and Deputy M. Kennard ("Appellees"),[1] all of whom were, at relevant times, personnel at the Newton County Detention Center ("NCDC").

Young sued under 42 U.S.C. § 1983, seeking injunctive relief and compensatory and punitive damages for a number of alleged constitutional violations pertaining to Appellee's actions during Young's recuperation from surgery and to the NCDC's policy prohibiting inmates from receiving printed materials directly from publishers. The district court conducted a frivolity review

_____

[1]Young also sued Nurse Terri Mostek, Nurse Judy Graves, and Dr. Ted Schock. The district court granted summary judgment in favor of these defendants. Young does not appeal that order.

2

of Young's complaint pursuant to 28 U.S.C. § 1915A and allowed only the following claims to proceed: that Appellees (1) denied Young crutches after his surgery, despite the fact that crutches had been prescribed for him; (2) required Young to perform tasks after his surgery that caused him extreme pain; and (3) prevented Young from receiving newspapers, magazines, or books directly from publishers. Following the court's frivolity review, Young moved for leave to amend his complaint; the court granted in part and denied in part. Young then filed a second motion for leave to amend his complaint, which the court denied. Finally, the court granted Appellees' motion for summary judgment.

Young raises three arguments on appeal. First, he contends that the district court erred by denying his second motion for leave to amend his complaint. Second, he argues that the district court erred by granting Appellees' motion for summary judgment based on Young's failure to establish that they were deliberately indifferent to his health and safety, in violation of his Eighth Amendment rights. Finally, he contends that the district court erred by granting Appellees' motion for summary judgment based on Young's failure to show that the NCDC regulation prohibiting inmates from receiving newspapers and periodicals directly from publishers violated Young's clearly established First Amendment rights.

Young's First Amendment claim is moot for the reasons explained below; therefore, we decline to consider that claim. Otherwise, we affirm.

## I.

Young sued NCDC employees for violating his First Amendment rights by preventing him from receiving newspapers, magazines, or books directly from publishers. But because Young was transferred from NCDC to another correctional facility on May 22, 2007, he is no longer subject to NCDC regulations. Moreover, as Defendant Nichols stated in his affidavit—and as the district court recognized in its summary judgment order—the NCDC policy at issue has been revoked.

Though damages claims can save a § 1983 claim from mootness, they do so only when the plaintiff asserts a procedural due process claim. *DA Mortg., Inc. v. City of Miami Beach*, 486 F.3d 1254, 1259, 1260 (11th Cir. 2007) (citing *Carey v. Piphus*, 435 U.S. 247, 266–67, 98 S. Ct. 1042, 1054 (1978)). Because Young does not allege a procedural due process violation, his prayer for damages does not save his claim from mootness. *See id.* Young's First Amendment claim is, therefore, moot.

## II.

We review a district court's denial of a motion to amend a complaint for an abuse of discretion, but we review the underlying legal conclusion of whether a particular amendment would be futile *de novo*. *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1012 (11th Cir. 2005) (per curiam) (citations omitted).

Young argues the district court abused its discretion by denying his second motion for leave to amend his complaint to add the following claims:[2] (1) that the Newton County Board of Commissioners ("the Board"), the Chairman of the Board ("the Chairman"), and Sheriff Nichols were legally responsible for ensuring that the NCDC was properly staffed and furnished; (2) that the Board and the Chairman were directly responsible for Young's heel injuries sustained from a fight in the NCDC lunch room because they failed to provide enough chairs, which caused the inmates to fight over a place to sit and eat their meals; and (3) that the Board and Sheriff Nichols were directly responsible for Young's injuries both because they failed to supervise adequately the NCDC officers, who knew or

---

[2]Young raises other substantive claims on appeal that the district court denied in one or both of its orders on Young's motions for leave to amend. Young does not argue in his brief, however, that the district court erred in denying these claims. Though we read pleadings and briefs filed by pro se litigants liberally, we do not have "license to serve as *de facto* counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted) (*overruled on other grounds*). Because Young has not challenged the district court's denial of these claims, the propriety of those denials and the substantive claims implicated thereby are not before this Court. *See Thompkins v. Lil' Joe Records, Inc.*, 476 F.3d 1294, 1308–09 (11th Cir. 2007) (citing *Allstate Ins. Co. v. Swann*, 27 F.3d 1539, 1542 (11th Cir. 1994)).

should have known that the inmate who attacked Young was violent and dangerous, and because they failed to protect Young.[3]

Once amendment as a matter of course is no longer an option, a party may amend his pleading "only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, the court need not "allow an amendment . . . where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962)).

Plaintiffs may not sue supervisory officials under § 1983 on the basis of respondeat superior or vicarious liability. *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010) (citing *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994) (citations omitted)). But supervisory liability is appropriate under § 1983 "'either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional violation.'" *Id.* (quoting

---

[3]Appellees argue that the Court lacks jurisdiction to consider this claim because Young's notice of appeal designated that he sought to appeal only the district court's order granting summary judgment. This contention is without merit because "the appeal from a final judgment draws in question all prior non-final orders and rulings which produced the judgment." *See Barfield v. Brierton*, 883 F.2d 923, 930 (11th Cir. 1989) (citing *Jones v. Preuit & Mauldin*, 808 F.2d 1435, 1438 n.1 (11th Cir. 1987)).

*Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir. 2003) (citations omitted)). Facts sufficient to establish a causal connection include those "'which support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.'" *Id.* (quoting *Gonzalez*, 325 F.3d at 1235).

Because the Board, the Chairman, and Sheriff Nichols are immune from § 1983 liability based on the theory of respondeat superior, Young's task was to allege facts establishing their personal participation in the alleged constitutional violations or a causal connection between their supervisory acts and the alleged constitutional violations. *See id.* (citing *Gonzalez*, 325 F.3d at 1234). Young presented no evidence indicating the Board, the Chairman, or Sheriff Nichols personally participated in the acts alleged in his complaint, nor did he present evidence that they directed their subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so. Absent such evidence, Young was unable to set forth a sufficient basis for § 1983 liability, and his proposed claims were futile. *See id.* Consequently, the district court did not abuse its discretion by denying Young's second motion for leave to amend his complaint. *See Bryant*, 252 F.3d at 1163.

**III.**

We review a grant of summary judgment *de novo.* *See, e.g., Penley v. Eslinger*, 605 F.3d 843, 848 (11th Cir. 2010) (citation omitted). Summary judgment is appropriate only when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). We "must view all evidence and make any 'reasonable inferences that might be drawn therefrom in the light most favorable to the non-moving party.'" *Penley*, 605 F.3d at 848 (quotation omitted).

When a district court's grant of summary judgment is based on qualified immunity,[4] we must determine "whether the defendant is entitled to qualified immunity under that version of the facts." *Crenshaw v. Lister*, 556 F.3d 1283, 1289 (11th Cir. 2009) (per curiam) (citing *Lee v. Ferraro*, 284 F.3d 1188, 1190 (11th Cir. 2002) (citations omitted)). We take this approach because we must determine "not which facts the parties might be able to prove, but, rather, whether or not certain given facts showed a violation of clearly established law." *Id.*

Qualified immunity protects government officials from liability in § 1983 actions as long "as their conduct does not violate clearly established statutory or

---

[4]The district court ruled that Young's claims against Appellees in their official capacities were barred by the Eleventh Amendment. Because Young makes no arguments with respect to this ruling, his official capacity claims are deemed abandoned. *See Thompkins*, 476 F.3d at 1309 (citing *Swann*, 27 F.3d at 1542).

8

constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738 (1982). To receive qualified immunity, the officer must first show that he acted within his discretionary authority. *Ferraro*, 284 F.3d at 1194 (citing *Courson v. McMillian*, 939 F.2d 1479, 1487 (11th Cir. 1991) (citation omitted)). Once the officer establishes discretionary authority, the burden then shifts to the plaintiff to show that qualified immunity should not apply. *Id.*

This Court uses a two-part inquiry to analyze the affirmative defense of qualified immunity. *Boyce v. Andrew*, 510 F.3d 1333, 1341 (11th Cir. 2007) (per curiam) (citing *Saucier v. Katz*, 533 U.S. 194, 201, 121 S. Ct. 2151, 2156 (2001)). We consider first, whether the alleged facts show that the government actor violated a constitutional right, and second, whether that constitutional right was clearly established at the time of the violation. *Id.*

A right is clearly established for qualified immunity purposes if "(1) case law with indistinguishable facts clearly establish[es] the constitutional right; (2) a broad statement of principle within the Constitution, statute, or case law . . . clearly establishes a constitutional right; or (3) conduct [was] so egregious that a constitutional right was clearly violated, even in the total absence of case law." *Lewis v. City of West Palm Beach*, 561 F.3d 1288, 1291–92 (11th Cir. 2009)

(citations omitted). "The intention is to 'ensure that before they are subjected to suit, officers are on notice that their conduct is unlawful.'" *Id.* at 1291 (quoting *Saucier*, 533 U.S. at 206, 121 S.Ct. at 2158). Accordingly, if the violated right was not clearly established, qualified immunity still applies. *Id.*

Young does not dispute that Appellees were acting within their discretionary authority; therefore, he must show that qualified immunity does not apply. *See Ferraro*, 284 F.3d at 1194. Our analysis now turns to whether Appellees violated Young's constitutional rights and whether those rights were clearly established at the time Appellees violated them. *See Boyce*, 510 F.3d at 1341.

Young contends that NCDC officials violated his Eighth and Fourteenth Amendment rights by (1) denying him crutches after his heel surgery, despite the fact that crutches had been ordered for him, and (2) forcing him to perform tasks that caused him extreme pain after surgery.[5]

---

[5]Among other claims, Young also argues that Appellees used excessive force in breaking up the fight that led to Young's injuries and acted with deliberate indifference by (1) forcing him into a hot shower after being sprayed in the face with pepper spray but before receiving treatment for his newly broken heel, (2) forcing him to use the stairs on crutches, (3) handcuffing him, (4) denying him proper exercise, (5) handcuffing his hands to belly chains and making him hobble on one leg to and from a vehicle to visit a doctor, (6) moving him prematurely from the medical ward to the general population, and (7) denying him a shower chair. But these claims are not appealable because they were not raised before the district court, did not survive the 28 U.S.C. § 1915A frivolity screening, or were included in proposed amendments that the district court denied.

"A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828, 114 S. Ct. 1970, 1974 (1994). Accordingly, to have survived summary judgment on his claim, Young "was required to produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." *See Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995) (citations omitted).

We first address Young's claim that Appellees acted with deliberate indifference by denying him crutches after his heel surgery, despite the fact that crutches had been ordered for him. The record shows that, during the relevant period after Young's injury, he received extensive medical care and utilized the crutches prescribed to him. Medical records note that Young attended regular check-ups on crutches and document his progress on crutches from his surgery on July 28, 2006, until November, 21, 2006, when he was advised by his treating orthopedist that he should, "over the next few weeks," discontinue using crutches. The record indicates, however, that Young continued to use crutches until January10, 2007, when the Health Services Administrator at NCDC obtained information about Young's weight-bearing status from the orthopedist's office and relayed that information to NCDC security personnel. Appellees swore in

11

affidavits that at no point during that period did they deny Young access to crutches. On this record, Young did not establish that Appellees[6] acted with deliberate indifference by denying him access to crutches, and the district court properly granted summary judgment as to this claim. *See Hale*, 50 F.3d at 1582.

Next we consider Young's assertion that Appellees showed deliberate indifference by forcing him to perform tasks after surgery that caused him extreme pain. Young points to only one incident to support this claim—that Appellees forced him to clean his cell on one leg. As an initial matter, Young has failed to show how cleaning his cell exposed him to a substantial risk of serious harm. Second, Appellees swore in affidavits that they did not force Young to perform manual tasks or physical labor in the period surrounding his surgery, which suggests that they took no action exhibiting deliberate indifference. Finally, Young has not demonstrated that cleaning his cell caused any further injury or worsened his existing injury. Because he did not meet the summary judgment standard with respect to this claim, the district court properly granted summary judgment. *See Hale*, 50 F.3d at 1582.

---

[6]Young states in his answers to interrogatories that a Corporal Collins instructed him that he could use crutches as far as the door to D-1 but no further. Collins is not, however, a defendant in this suit.

**IV.**

The district court did not abuse its discretion by denying Young's second motion for leave to amend his complaint. Because Young did not allege facts sufficient to establish supervisory liability under § 1983, his amendment would have been futile.

Additionally, summary judgment was appropriate because Young did not demonstrate that Appellees violated his Eighth Amendment rights by acting with deliberate indifference toward a substantial risk of serious harm during his recuperation from surgery.

**AFFIRMED.**