[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 29, 2011
JOHN LEY
CLERK

_____

No.10-12026

_____

D. C. Docket No. 3:06-cv-00158-LC-MD

KAREN J. KILPATRICK,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,
CRAIG W. ROEGNER,
Special Agent Bureau of Alcohol
Tobacco & Firearms,
CITY OF PENSACOLA,
AMANDA GRIFFETT,
PETER FAULK, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(June 29, 2011)

Before CARNES, ANDERSON and FARRIS,[*] Circuit Judges.

PER CURIAM:

On our own motion, we vacate our previously issued opinion and substitute this one in its place.

Karen Kilpatrick appeals the district court's grant of summary judgment in favor of the defendants on the basis of qualified immunity. Kilpatrick filed suit on April 18, 2006, alleging that the United States, the City of Pensacola, and several individual defendants had violated her rights under the First and Fourth Amendments, and asserting tort claims for false imprisonment, negligence, intentional infliction of emotional distress, and invasion of privacy. The district court granted the defendants' motion for summary judgment based on the affirmative defense of qualified immunity because, construing the evidence in the light most favorable to Kilpatrick, there remained no genuine issue of material fact as to whether a constitutional violation occurred, and even assuming that Kilpatrick's First Amendment rights were violated, the officers' actions were not contrary to clearly established law. Because the district court found that there had been no constitutional violation, it also granted the defendants' motion for summary judgment on all of Kilpatrick's tort claims. We review Kilpatrick's

_____

[*]Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by designation.

appeal from the district court's grant of summary judgment de novo, applying the same standards as the district court. Acevedo v. First Union Nat. Bank, 357 F.3d 1244 (11th Cir. 2004).

While there is no dispute that our Constitution permits one to protest without fear of police action, in ruling on a motion for summary judgment in a case where the plaintiff challenges the legality of an investigatory stop, the court must properly consider all of the circumstances. See United States v. Alfaro-Moncada, 607 F.3d 720, 730–31 (11th Cir. 2010). On the undisputed facts, law enforcement had more than adequate Fourth Amendment grounds to stop Kilpatrick after she drove her van, covered with negative written references to the ATF and Waco, through the ATF parking lot on the anniversary of the Waco fire and the Oklahoma City bombing.

"When an officer asserts qualified immunity, the issue is not whether reasonable suspicion existed in fact, but whether the officer had 'arguable' reasonable suspicion to support an investigatory stop." Jackson v. Sauls, 206 F.3d 1156, 1166 (11th Cir. 2000). It is not unreasonable for a law enforcement officer to be sensitive to copycat crimes on the anniversary of the Oklahoma City bombing, which itself was committed on the anniversary of the Waco tragedy. At the time Kilpatrick was stopped, law enforcement officials were aware of the following facts:

3

- Kilpatrick's van was seen in the parking lot of the ATF office with "Boo ATF" and "Remember the children of Waco!" written in large yellow letters on the windows.
- Kilpatrick's van was reminiscent of the one used in the Oklahoma City bombing, it had tinted windows, and it was of a size capable of containing explosives.
- The anti-ATF messages on the van appeared on the anniversary of the Waco fire and the Oklahoma City bombing.
- Officers had received a tip linking the driver of the anti-ATF van to an incident involving the gun dealer who had previously supplied David Koresh, leader of the Branch Davidians, with weapons.

Based on the totality of those circumstances, the officers had at least arguable reasonable suspicion to justify the initial stop of Kilpatrick's van.

Searches of Kilpatrick's person and van, which followed the stop, were consensual. At no point was Kilpatrick physically restrained. Although Kilpatrick argues that she was nevertheless detained by the officers' show of force in the form of their flashing blue lights, we reject that argument. Information was received during the stop that justified further inquiry, and, in any event, Kilpatrick does not dispute that she consented to the ensuing search of her van. That search revealed that Kilpatrick had a gun and it was loaded. The officer disarmed (but did not seize) her loaded gun, leaving both the gun and ammunition with her. Nothing suggests that the stop and detention and the subsequent consensual searches lasted longer than necessary to effectuate the stop's legitimate purposes. In fact, at some point a journalist with a camera began filming the encounter, and Kilpatrick spoke with the journalist for ten to fifteen minutes. The entire

encounter, including Kilpatrick's conversation with the journalist, lasted about 67 minutes. The undisputed facts show that the duration of the stop was not unreasonable.

Kilpatrick also requests that we reverse the district court's grant of summary judgment on her First Amendment claim because the stop of her vehicle and searches of her person and van constituted unlawful retaliation for the exercise of her First Amendment rights. However, Kilpatrick's counsel conceded at oral argument that the viability of her First Amendment claim was dependent upon her Fourth Amendment claim. Without passing on the legal accuracy of that concession, we accept it for purposes of this appeal. Under that concession, because there was reasonable suspicion to support the initial stop, the duration of the stop was reasonable, and Kilpatrick consented to the searches of her person and her vehicle, there was no Fourth Amendment violation and therefore no First Amendment violation. Furthermore, Kilpatrick has waived any argument that the district court erred by granting summary judgment on her First Amendment claim and her tort claims because she failed to make any arguments on those issues in her briefs before this Court. Allstate Ins. Co. v. Swann, 27 F.3d 1539, 1542 (11th Cir. 1994) ("Issues that clearly are not designated in the initial brief ordinarily are considered abandoned.").

**AFFIRMED.**