[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-11297
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 9, 2012
JOHN LEY
CLERK

D.C. Docket No. 0:10-cv-60836-CMA


ANDE KIBWIKA,

                                        Plaintiff - Appellant,


versus


BROWARD COUNTY SHERIFF'S OFFICE,
Sheriff Al Lamberti,
LIEUTENANT GIBSON,
SERGEANT JACKSON,
OFFICER PINKNEY,
Classification Specialists/Officer,
OFFICER DIXON,
Classification Specialists/Officer,

                                        Defendants - Appellees.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 9, 2012)

Before CARNES, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

While he was detained awaiting trial, Ande Kibwika, *pro se*, sued the Broward County Sheriff's office and several of its officers under 42 U.S.C. § 1983, alleging that his eighteen-hour-per-day lockdown violated his right to due process and constituted cruel and unusual punishment. The district court granted the defendants' motion to dismiss, and Kibwika appeals. After review, we affirm.

## I.

In June 2006, Kibwika began a 47-month pretrial detention in the Broward County Main Jail, during which jail officials placed him and the other inmates on his floor on lockdown for 18 hours each day. In his original complaint filed against the Broward County Sheriff's Office and Sheriff Al Lamberti in May 2010, Kibwika stated that the lockdown "was implemented because of the ongoing fights in the dorms." He argued that the lockdowns amounted to unconstitutional pretrial punishment. The district court dismissed Kibwika's complaint for failure to state a claim, finding that the lockdown was imposed to stop inmate fighting, not to punish Kibwika.

In an amended complaint, Kibwika made many of the same factual

2

assertions.[1]  He added that, although he never violated jail rules, the defendants placed him "in a punitive-in-nature disciplinary segregation incarceration and confinement setting" in which he and other inmates were placed on lockdown as punishment.  In support, he included statements from three other "detainees"[2] indicating that they were placed on his floor after they were caught fighting.  He contended that this alleged pretrial punishment violated his right to due process and to freedom from cruel or unusual punishment, and violated the Florida Constitution, the Florida Model Jail Standards, and the United Nations Universal Declaration of Human Rights.  He sought compensatory damages, punitive damages, and a declaratory judgment that the violations occurred.

The defendants filed a motion to dismiss under 28 U.S.C. § 1915(e)(2)(B)(ii).  Before Kibwika filed a response, a magistrate judge issued a report and recommendation (R&R) in which the judge took judicial notice of Kibwika's statement in his original complaint that the lockdown was implemented because of ongoing fights, and recommended that the district court dismiss

---

[1] He also added several defendants, including Lieutenant Gibson, Sergeant Jackson, and Officers Pinkney and Dixon.  The district court dismissed Kibwika's claims as to these defendants, and Kibwika does not appeal this ruling.  Thus, these claims are deemed abandoned. *Allstate Ins. Co. v. Swann*, 27 F.3d 1539, 1542 (11th Cir. 1994).

[2] Kibwika refers to the individuals as detainees, but he does not make clear whether they are convicted inmates or, in fact, pretrial detainees.  For purposes of this appeal, we assume they are pretrial detainees.

Kibwika's amended complaint based on that statement. Kibwika objected to the R&R, arguing that the defendants fraudulently fabricated a certificate of service for the motion to dismiss and never actually served him with the motion. Kibwika also contended that he was denied due process because the magistrate judge issued the R&R without first allowing him an opportunity to respond to the motion to dismiss. Lastly, he argued that he asserted a valid pretrial punishment claim, citing the other detainees' statements indicating that they were placed on his floor for fighting.

Upon review, the district court adopted the R&R and dismissed Kibwika's claims. The court found, based on Kibwika's statement in his original complaint about the ongoing fights, that he was not punished and that he therefore failed to state a § 1983 claim.[3] Because the court found that Kibwika's federal claims failed, it declined to exercise supplemental jurisdiction over his state law claims. Lastly, the court found no evidence of fraud and concluded that Kibwika received adequate process because he was mailed a copy of the motion to dismiss and, even if he did not receive it, any error was harmless because both the district court and the magistrate judge reviewed the sufficiency of the complaint *de novo*.

---

[3] The district court also found that the United Nations Universal Declaration of Human Rights is not a source for a § 1983 claim. Kibwika does not appeal this finding; thus, any claim regarding the declaration is abandoned. *Allstate*, 27 F.3d at 1542.

Kibwika appeals the district court's dismissal of his claims. He also appeals the court's findings that the defendants did not commit fraud and that Kibwika's failure to receive a copy of the motion to dismiss constituted harmless error.

II.

Kibwika first argues that the district court erred in finding that the defendants did not fraudulently fabricate a certificate of service for the motion to dismiss. He also argues, relatedly, that his failure to receive a copy of the motion to dismiss before the magistrate judge issued the R&R deprived him of his due process right to an opportunity to respond to the defendants.

The district court ruled that Kibwika's failure to receive a copy of the motion to dismiss was harmless error, and we agree. An error is harmless unless "the complaining party's substantive rights were affected." *Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261, 1276 (11th Cir. 2008). Here, Kibwika's substantial rights were not affected because he received notice of the potential dismissal of his claims and an opportunity to respond. He received a copy of the R&R, which put him on notice of the possibility of dismissal. And he exercised his opportunity to respond by filing objections to that R&R. *See Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007) (noting that due process requires the court to give a plaintiff facing dismissal notice and a reasonable opportunity to

5

respond). Only after the district court conducted a *de novo* review of the R&R, considering each of Kibwika's substantive objections, did the court dismiss Kibwika's claim. Accordingly, Kibwika's due process rights were not violated and any error was harmless.

## III.

### A.

Kibwika next asserts that dismissal was unwarranted because his complaint stated a § 1983 claim upon which relief may be granted. We review *de novo* a district court's order granting a motion to dismiss for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), applying the same standards that govern dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell v. Farcass*, 112 F.3d 1483, 1489-90 (11th Cir. 1997). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading cannot survive a motion to dismiss "if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotation marks omitted). *Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed. *Tannenbaum v. United States*, 148 F.3d 1262, 1263

(11th Cir. 1998). But *pro se* litigants still have to comply with procedural pleading requirements. *Moton v. Cowart*, 631 F.3d 1337, 1341 n.2 (11th Cir. 2011).

B.

Kibwika argues that the statement regarding ongoing fights in his original complaint merely reflects what jail officials told him, not what actually happened. He contends that even if the lockdown began for a legitimate reason, it "changed from a nonpunitive government objective to a punitive government objective when the [defendants] used the lock down to punish detainees who violated rules and regulations." He cites the statements from three detainees indicating that jail officials placed them on his floor in response to their fighting.

We conclude that regardless of the statement in his original complaint, Kibwika's amended complaint fails to state a pretrial-punishment claim. The government may detain a criminal suspect "to ensure his presence at trial and may subject him to the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution." *Bell v. Wolfish*, 441 U.S. 520, 536 (1979). To determine whether a restriction constitutes punishment, we "must decide whether the disability is imposed for the purpose of punishment or whether it is but an

7

incident of some other legitimate governmental purpose." *Id.* at 538.

In his amended complaint, Kibwika failed to state a plausible claim for relief because he provided no factual allegations which, if accepted as true, show that jail officials imposed the lockdown for the purpose of punishment. His statement that the defendants placed him "in a punitive-in-nature disciplinary segregation incarceration and confinement setting" is a legal conclusion that cannot factually support his claim for relief. *See Iqbal*, 129 S. Ct. at 1949 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" (quoting *Twombly*, 550 U.S. at 555)).

Kibwika argues that the statements from other detainees provide the facts necessary for him to overcome a motion to dismiss. Yet even assuming these statements can be considered on a motion to dismiss, as the district court did, they are unhelpful to Kibwika's claim. Kibwika likens the statements to those we considered in *McMillian v. Johnson*, 88 F.3d 1554 (11th Cir. 1996). But *McMillian* is distinct: In that case, we concluded that McMillian asserted a cognizable pretrial-punishment claim and upheld the denial of qualified immunity to correctional officers who held McMillian and his co-defendant on death row before trial. *Id.* at 1565-66. We adopted for purposes of the appeal the district court's finding that the testimony of McMillian's co-defendant—that the

8

corrections officers placed them on death row for the purpose of punishment and intimidation—was sufficient evidence to overcome summary judgment. *Id.* at 1558-60, 1565-66. Here, the detainees' statements say nothing about the defendants' intent to punish Kibwika, as the statement in *McMillian* did. Thus, *McMillian* does not establish the relevance of the statements Kibwika provided.

Because Kibwika's complaint failed to meet the pleading standards required to survive a motion to dismiss, the district court did not err in granting the defendants' motion.

## C.

Lastly, Kibwika contends that the district court erred in dismissing his state law claims. He argue, for the first time on appeal, that violations of the Florida Constitution and the Florida Model Jail Standards give rise to a § 1983 claim because the violations deprive him of liberty interests protected by the Due Process Clause of the Fourteenth Amendment.[4] But in his complaint, Kibwika clearly invoked the court's "pendent jurisdiction" when asserting his state-law claims. Because Kibwika makes his § 1983 claim based on alleged state-law

---

[4] Kibwika invoked the court's pendent jurisdiction when asserting his state-law claims in his complaint. Because he does not challenge the court's discretionary decision to dismiss his claims under the Florida Constitution and Florida Model Jail Standards as supplemental state-law claims, he has abandoned any such argument before this court. *Allstate*, 27 F.3d at 1542.

9

violations for the first time on appeal, we will not consider it absent special circumstances, which Kibwika does not allege exist in this case. *See Narey v. Dean*, 32 F.3d 1521, 1526-27 (11th Cir. 1994) (holding that the court will not consider an issue not raised in the district court unless (1) it involves a pure question of law and refusal to consider it would result in a miscarriage of justice; (2) the party raising the issue had no opportunity to do so before the district court; (3) the interest of substantial justice is at stake; (4) the proper resolution is beyond any doubt; or (5) the issue presents significant questions of general impact or great public concern). Accordingly, the district court properly dismissed Kibwika's state-law claims.

**AFFIRMED.**