[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15113
Non-Argument Calendar
_____

D.C. Docket No. 1:09-cv-03328-RLV

GERALD A. WEST,

Plaintiff-Appellant,

versus

C. PEOPLES,
ROSA,
UNITED STATES OF AMERICA,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(October 1, 2014)

Before TJOFLAT, WILSON, and JORDAN, Circuit Judges.

PER CURIAM:

Gerald A. West, a federal prisoner proceeding pro se, appeals from the district court's order dismissing the action below based on West's failure to file a proposed pretrial order pursuant to a court-imposed deadline.  West also appeals from the district court's earlier orders dismissing West's *Bivens*[1] claims and granting partial summary judgment against West on certain of his claims brought pursuant to the Federal Tort Claims Act (FTCA).[2]  After review of the parties' briefs and the record on appeal, we affirm in part, and vacate and remand in part.

## DISCUSSION

Before the district court, West alleged that, while incarcerated at United States Penitentiary, Atlanta (USP Atlanta), he was assaulted by correction officer Clarence Peoples, resulting in physical injury.  West further contended that correction officer Rosa Rivera "stood guard" while Peoples assaulted him.  Based on these allegations, West asserted two causes of action against Defendant-Appellees Clarence Peoples, Rosa Rivera, and the United States of America (collectively, "Appellees"): (1) a *Bivens* action against Peoples and Rivera for use

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999 (1971).

[2] *See Myers v. Sullivan*, 916 F.2d 659, 673 (11th Cir. 1990) ("Under general legal principles, earlier interlocutory orders merge into the final judgment, and a party may appeal the latter to assert error in the earlier interlocutory order.").

of excessive force by the correction officers against West; and (2) an action pursuant to the FTCA against the United States.

On motion by the Appellees, the district court dismissed West's *Bivens* claims for failure to exhaust the Federal Bureau of Prison's (BOP) three-level administrative remedy procedure. Thereafter, on Appellees' partial motion for summary judgment, the district court dismissed West's FTCA claims arising out of conduct by Rivera for lack of administrative exhaustion. Finally, the district court dismissed West's remaining FTCA claims, sua sponte, based on West's failure to file a proposed pretrial order by the court's stated deadline. We address each of the district court's decisions in turn.

## I.    Dismissal of West's *Bivens* Claims

We review de novo a district court's dismissal of an action for failure to exhaust available administrative remedies as required by 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act of 1995 (PLRA). *Johnson v. Meadows*, 418 F.3d 1152, 1155 (11th Cir. 2005).

The PLRA mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 211, 127 S. Ct. 910, 918–19 (2007) ("There is no question that

3

exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."). This exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532, 122 S. Ct. 983, 992 (2002). Thus, § 1997e(a) "clearly applies" to *Bivens* claims. *Accord Alexander v. Hawk*, 159 F.3d 1321, 1324 (11th Cir. 1998).

"[T]he PLRA exhaustion requirement requires proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93, 126 S. Ct. 2378, 2387 (2006). "[T]o properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones*, 549 U.S. at 218, 127 S. Ct. at 922 (citation omitted) (quoting *Woodford*, 548 U.S. at 88, 126 S. Ct. at 2384). Accordingly, to properly exhaust available administrative remedies pursuant to the PLRA, compliance with the applicable prison grievance process is required. *See id.* at 218, 127 S. Ct. at 922–23.

At the time of West's administrative complaint, West was a federal prisoner subject to the grievance process delineated by the BOP. The BOP maintains a multi-tiered administrative grievance process. *See* 28 C.F.R. §§ 542.10 *et seq.* An inmate must first present his or her complaint or other issue of concern to prison staff. *Id.* § 542.13(a). If the matter cannot be resolved informally at the staff level,

4

the inmate can submit a formal, written Request for Administrative Remedy (form

BP-9) to the warden. *Id.* § 542.14(a). If the inmate is not satisfied with the

warden's response, he or she may next submit an Administrative Remedy Appeal

(form BP-10) to the appropriate regional director. *Id.* § 542.15(a). Where the

inmate is not satisfied with the regional director's response, he or she may appeal

to the General Counsel at BOP's Central Office (form BP-11).[3] *Id.* The General

Counsel is the final level of administrative review.

On appeal, West contends that he exhausted all available administrative

remedies prior to asserting his *Bivens* claims in the district court. Specifically,

West alleges that he presented his claim about Peoples's and Rivera's conduct to

the General Counsel for the BOP, the final level in the administrative-remedy

process. Further, to the extent that he did not properly exhaust his administrative

remedies, West argues that prison officials obstructed his attempts to "properly

file[] his administrative remedies." Appellees, on the other hand, contend that

West did not "properly exhaust" his administrative remedies as required by the

PLRA because he did not adhere to the BOP's grievance process.

Contrary to West's contentions, the record on appeal demonstrates that West

did not complete the administrative review process in accordance with the

---

[3] Furthermore, at each formal level,"[i]f the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.

applicable procedural rules. *See Jones*, 549 U.S. at 218, 127 S. Ct. at 922–23. The record indicates that West filed an administrative remedy appeal with the Central Office prior to filing any administrative remedy appeal with the appropriate regional director. *See* 28 C.F.R. § 542.15(a). That appeal was rejected by the Central Office with instructions to West on how he could correct the deficiencies in his administrative appeal. West then filed an administrative remedy appeal with a regional director and received a response thereto; however, West did not appeal the regional director's response to the General Counsel and, in not doing so, failed to complete the administrative review process.[4]

For these reasons, we conclude that the district court did not err in dismissing West's *Bivens* claims for failure to properly exhaust all available administrative remedies.

## II.    Partial Summary Judgment on West's FTCA Claims

This Court reviews a district court's grant of summary judgment de novo, "applying the same legal standards as the district court, and construing the facts and drawing all reasonable inferences therefrom in the light most favorable to the non-moving party." *Centurion Air Cargo, Inc. v. United Parcel Serv. Co.*, 420 F.3d 1146, 1149 (11th Cir. 2005).

---

[4] As to West's assertions that prison officials obstructed his efforts to exhaust his administrative remedies, given the multiple grievances filed by West with both the regional director and the General Counsel, the record does not support such a conclusion.

The FTCA is a limited waiver of the sovereign immunity of the United States government.  *See Suarez v. United States*, 22 F.3d 1064, 1065 (11th Cir. 1994) (per curiam).  Specifically, the FTCA gives district courts jurisdiction over civil actions against the United States for "personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment," if a private person would be liable to the claimant for the same.  28 U.S.C. § 1346(b)(1); *see also Turner ex rel. Turner v. United States*, 514 F.3d 1194, 1200 (11th Cir. 2008).  This specific, statutory exception to sovereign immunity is strictly construed.  *See Suarez*, 22 F.3d at 1065.

To this end, a district court only has jurisdiction over a claim brought under the FTCA if the plaintiff has first met the requirements of 28 U.S.C. § 2675(a). *Bush v. United States*, 703 F.2d 491, 494 (11th Cir. 1983).  Specifically, a plaintiff is prohibited from bringing claims against the United States under the FTCA "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency."  28 U.S.C. § 2675(a).  In order to properly present a tort claim to an administrative agency, a plaintiff must file an administrative claim that provides: (1) written notice of the tort claim sufficient to enable the appropriate agency to investigate; and (2) a sum

certain as to the value of the claim. *Burchfield v. United States*, 168 F.3d 1252, 1255 (11th Cir. 1999).

The requisite written notice is "minimal." *Id.*; *see also Adams v. United States*, 615 F.2d 284, 289 (5th Cir. 1980) ("Congress intended the section 2675 requirement of presenting notice to be construed in light of the notice traditionally given to a municipality by a plaintiff who was allegedly injured by a municipality's negligence. Congress deemed this minimal notice sufficient to inform the relevant agency of the existence of a claim." (citation omitted)).[5] A claimant is required to give an agency "only enough information to allow the agency to 'begin its own investigation' of the alleged events and explore the possibility of settlement." *Burchfield*, 168 F.3d at 1255 (quoting *Adams*, 615 F.2d at 292). While the claimant must apprise the government of its potential liability, *see Bush*, 703 F.2d at 495, the claimant is "not require[d] . . . to provide the agency with a preview of his or her lawsuit by reciting every possible theory of recovery or every factual detail that might be relevant," *Burchfield*, 168 F.3d at 1255 (citation omitted).

The parties dispute the implications of West's failure to specifically name Rivera or describe her involvement in the alleged assault in West's administrative claim to the BOP. In granting Appellees' motion for partial summary judgment,

---

[5] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), this court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Id.* at 1209.

the district court found that West's administrative tort claim did not give written notice to Appellees of any wrongdoing by Rivera and, as such, West did not exhaust his administrative remedies as to Rivera.  On appeal, West argues that his omission of Rivera from his administrative tort claim does not render inadequate his exhaustion of administrative remedies pursuant to § 2675.  Appellees counter that West's failure to identify or mention Rivera did not put the United States on notice of its potential liability on this ground, and, as such, West is prohibited from asserting any tort claims arising out of the conduct of Rivera.  We disagree.

Here, the Standard Form 95 (SF-95) submitted by West to the BOP was not lacking in detail.  *See* 28 C.F.R. § 14.2(a).  West's SF-95 included a sum certain as to the value of his claim.  West's SF-95 also included a full description of the "essential aspects" of the alleged assault, including the approximate date and location of the incident, the name of the alleged assaulting officer, and the surrounding circumstances.  *See Burchfield*, 168 F.3d at 1256.  In short, West's SF-95 provided sufficient information to enable the BOP to investigate his claim.  *Cf. Tidd v. United States*, 786 F.2d 1565, 1568 (11th Cir. 1986) (concluding claimant did not satisfy requirements of § 2675 where claimant provided only her own name and the general nature of her alleged injury).

Indeed, the details of Rivera's alleged involvement are "so closely related to the essential material contained in [West's] claim" that they would have, and did,

9

come to light during the BOP's investigation of West's claim. *See Burchfield*, 168 F.3d at 1256. In response to West's administrative tort claim, the BOP stated that West was "moved to another cell by [Peoples] and another," the implication being that, through its investigation of West's claim, the BOP was aware of another officer's involvement in or presence during the alleged assault.[6] A reasonable person would next inquire as to Rivera's involvement and examine any potential liability on the part of the United States based thereon. Appellees "cannot use an overly technical reading of the language of [West's] claim as a reason to turn a blind eye to facts that [became] obvious when [they] investigate[d] the alleged events." *Id.*

While West's administrative tort claim did not contain every factual detail relied on by West in the district court, it is difficult to suppose what details West could have included in his SF-95 to allow the BOP to conduct a more detailed investigation. His administrative claim put the United States on notice of West's theory of recovery and provided it with sufficient information to investigate the events alleged. West's omission of Rivera's conduct did not prevent West from satisfying the minimal notice requirements of § 2675(a) such that Appellees were

---

[6] Appellants' lack-of-notice argument is further called into question by the incident report prepared by Peoples subsequent to the alleged assault in which Peoples stated that "West was cuffed by Officer R. Rosa and myself."

10

entitled to judgment as a matter of law.  Accordingly, the district court erred in dismissing West's FTCA claims arising out of Rivera's conduct on such grounds.

### III.    Dismissal of West's Remaining FTCA Claims

We review a district court's dismissal of an action for failure to comply with the rules of court for abuse of discretion.  *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005).

The district court did not specify the authority on which it relied when it sua sponte dismissed West's action.  Still, it is well-established that a district court has the power to manage its own docket, which includes the inherent power to dismiss an action for failure to prosecute or for failure to obey a court order.  *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. Unit B May 1981).  A district court has similar authority under Federal Rule of Civil Procedure 41(b).[7]  *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993).  Difficulty arises here because the district court's dismissal, while made *without* prejudice, has the effect of precluding West from refiling his FTCA claims due to the running of the Act's statute of limitations.

"It is undisputed that under [the FTCA], a tort claim must be presented to the appropriate federal agency within two years after the claim accrues *and* the lawsuit must be commenced within six months after the receipt of a final agency decision."

---

[7] *See also Betty K Agencies, Ltd.*, 432 F.3d at 1337 ("Although the plain language of Rule 41(b) suggests that a court may act pursuant to that Rule only when dismissing upon the motion of the defendant, and acts only on its inherent authority when dismissing *sua sponte*, many of our decisions elide this neat distinction.").

*Phillips v. United States*, 260 F.3d 1316, 1317 (11th Cir. 2001) (emphasis in original); *see also* 28 U.S.C. § 2401(b).  The BOP administratively denied West's tort claim on May 22, 2009.  The FTCA's strict limitation period prevents or arguably may prevent West from refiling his action.  Under these circumstances, the district court's dismissal is "tantamount to a dismissal with prejudice." *Burden*, 644 F.2d at 505.

Dismissal of a case with prejudice is considered "a sanction of last resort, applicable only in extreme circumstances." *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983) (per curiam) (internal quotation marks omitted).  A district court may only properly impose dismissal with prejudice when: "(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." *Betty K Agencies, Ltd.*, 432 F.3d at 1337–38 (internal quotation marks omitted).

In considering the first prong, West argues that he was not aware of the district court's order directing him to file a proposed pretrial order by September 17, 2013.  West contends that, due to delays or deficiencies in the prison's mail system, he did not receive any notification of the deadline and so dismissal based on his failure to file a proposed pretrial order is improper.  Appellees respond that any lesser sanction would not serve the interests of justice in light of West's "pattern" of dilatory tactics.

Contrary to Appellees' contentions, the record falls short of demonstrating that West has engaged in a pattern of clear delay or willful contempt. The initial deadline for pretrial order, per the local rules, was August 19, 2012. A pretrial order was not filed by that date; however, as the district court noted, "there were other issues that were addressed in the meantime." As such, on January 8, 2013, the district court directed counsel for both parties to confer and to submit a proposed consolidated pretrial order by February 8, 2013. After a series of joint motions by the parties, the deadline was ultimately extended to September 17, 2013.

To be sure, West missed this deadline; but the record is devoid of evidence of any prolonged indifference on his part during the life of this litigation. *See Cohen v. Carnival Cruise Lines, Inc.*, 782 F.2d 923, 925–26 (11th Cir. 1986) (per curiam). The only evidence of an alleged pattern of dilatory tactics is West's filing of discovery motions deemed meritless by Appellees. On the whole, the record suggests that West's failure to comply with the district court's order was more a matter of negligence than contumacious conduct.

Further, as to the second prong, the district court failed to make the necessary finding that lesser sanctions would not suffice here. "Although we occasionally have found implicit in an order the conclusion that 'lesser sanctions would not suffice', we have never suggested that the district court need not make

13

that finding, which is essential before a party can be penalized for his attorney's misconduct." *Mingo v. Sugar Cane Growers Co-Op of Fla.,* 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (citation omitted).  We have, on occasion, inferred such a finding "where lesser sanctions would have 'greatly prejudiced' defendants." *World Thrust Films, Inc. v. Int'l Family Entm't, Inc.*, 41 F.3d 1454, 1457 (11th Cir. 1995) (per curiam) (internal quotation marks omitted).  Here, however, it is unclear how Appellees would have been greatly prejudiced by the imposition of lesser sanctions, and we decline to infer a finding that lesser sanctions could not have sufficed under the circumstances.

Therefore, we conclude that the district court abused its discretion in dismissing West's remaining FTCA claims based on West's failure to file a proposed pretrial order.

## IV.    Conclusion

For the reasons stated above, we affirm the district court's dismissal of West's *Bivens* claims, but vacate the district court's partial granting of summary judgment and subsequent sua sponte dismissal of West's FTCA claims and remand those claims to the district court for further proceedings in accordance with this opinion.[8]

---

[8] Appellees also present ancillary arguments for dismissal of the instant appeal.  First, Appellees contend that West's appeal should be dismissed because he failed to serve his opening brief on counsel for Appellees and to file a proof of service in accordance with Rule 25(b) of the

**AFFIRMED in part; VACATED AND REMANDED in part.**

---

Federal Rules of Appellate Procedure and Eleventh Circuit Rule 25(d). While a certificate of service was not initially included with West's opening brief, he corrected the deficiency within 14 days of being notified thereof by the Clerk of the Court. *See* 11th Cir. R. 42-3(b). Moreover, Appellees have not alleged that they suffered any prejudice from the deficiencies in service of West's opening brief.

Second, Appellees contend that West has waived and/or abandoned his arguments on appeal because West's brief lacks citations to the record and provides only "cursory statements, with little or no citation to authority." *See* Fed. R. App. P. 28(a)(8). A pro se complaint is entitled to a liberal reading by this Court. *Finch v. City of Vernon*, 877 F.2d 1497, 1504–05 (11th Cir. 1989) (citing *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594 (1972)). Since West is pro se, and since his brief, liberally construed, both sufficiently identifies the issues on appeal and contains assertions of district court error, we decline to find that West has waived and/or abandoned his arguments on appeal by failing to comply with Rule 28's requirements. *See Allstate Ins. Co. v. Swann*, 27 F.3d 1539, 1542 (11th Cir. 1994).

15