[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13047
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-00363-LMM

THERIAN CORNELIA WIMBUSH,

Plaintiff-Appellant,

versus

R.L. (BUTCH) CONWAY,
Gwinnett County Jail,
SERGEANT THORNTON,
DEPUTY WHITE,
CAPTAIN THOMAS,
DEPUTY MYRON WALKER,
SERGEANT BARBER,
DEPUTY INNOCENT,
DEPUTY OBLEIN,
DEPUTY CULBRETH,
DEPUTY DAWN CLARK,
DEPUTY MARTIN CAMPBELL,
CAPTAIN SHAPIRO,

Defendants-Appellees,

MARK CAMPBELL et al.,

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(April 11, 2019)

Before MARCUS, ROSENBAUM and JILL PRYOR, Circuit Judges.

PER CURIAM:

Therian Cornelia Wimbush, a Georgia inmate, appeals *pro se* several orders entered by the district court in an action she brought pursuant to 42 U.S.C. § 1983 to challenge the conditions of her confinement at the Gwinnett County Jail (the "Jail"). Wimbush brings this appeal following a grant of summary judgment in favor of the 12 defendants, Sheriff R. L. (Butch) Conway, Sergeant James Thornton, Deputy Mark White, Captain Mark Thomas, Deputy Myron Walker, Sergeant Kelvin Barber, Deputy Martine Innocent, Deputy Jeffrey Oblein, Deputy Sean Culbreth, Deputy Dawn Clark, Deputy Martin Campbell, and Captain Myles Shapiro (collectively, the "County Officers"). On appeal, Wimbush argues that the district court erred by (1) dismissing, at the pleading stage, her "claims related to punishment of a pretrial detainee and the named defendant perpetrators," (2) denying her emergency motion for injunctive relief, (3) denying her leave to amend her complaint, (4) denying her request for appointment of counsel, (5)

dismissing her mail policy and religious freedom claims for failure to exhaust administrative remedies, and (6) granting defendants' motion for summary judgment on her claim that she was she was denied all contact with her co-defendant husband and assessing costs against her.  Appellant's Br. at 5.  After careful review, we affirm.

## I.    BACKGROUND

Wimbush was charged in Georgia state court with several counts of cruelty to children.  *See Wimbush v. State*, 812 S.E.2d 489, 499 (Ga. Ct. App. 2018). While detained at the Jail awaiting trial, Wimbush filed a *pro se* complaint in federal district court against various Jail officials, alleging that they violated her constitutional rights as a pretrial detainee by, among other things, punishing her for violating Jail rules; subjecting her to the Jail's inmate mail policy, which limited nonlegal mail to metered postcards; separating her in the Jail from her co-defendant husband; and infringing upon her religious freedom.  In sum, the complaint alleged that more than 30 conditions of Wimbush's confinement amounted to unconstitutional punishment of a pretrial detainee.  Wimbush requested declaratory and injunctive relief, as well as monetary damages.

Before the complaint was served on the defendants, a magistrate judge screened it pursuant to 28 U.S.C. § 1915A.  The magistrate judge ordered Wimbush to submit an amended complaint that complied with certain conditions

3

set forth in the order.  Specifically, the magistrate judge ordered her to allege against the various defendants only claims related to events arising out of the same transaction or occurrence.  *See* Fed. R. Civ. P. 20(a)(2).[1]  Wimbush moved for reconsideration, but the magistrate judge denied her motion and again ordered her to amend her complaint pursuant to his earlier order.

Wimbush then filed an amended complaint in which she alleged many of the same claims and listed as defendants not only the County Officers, but also other officials and entities who are not parties to this appeal.[2]  Before service of process, the magistrate judge screened Wimbush's amended complaint pursuant to 28 U.S.C. § 1915A and issued a Report and Recommendation ("R&R") recommending that the district court dismiss the amended complaint without prejudice for failure to comply with the court's earlier order.  Alternatively, the magistrate judge recommended that the district court allow only two of Wimbush's claims to proceed and dismiss the rest for failure to state a claim.  Over Wimbush's

---

[1] The magistrate judge also directed Wimbush, in amending her complaint, to comply with several other conditions that are largely irrelevant to this appeal.

[2] In her amended complaint, Wimbush named as defendants 35 county officials, along with the Gwinnett County Sheriff's Department and the Jail.  A magistrate judge later recommended dismissing from the action these two entities and the 23 individuals other than the County Officers, which the district court did.  Although Wimbush argues on appeal that "[e]very single defendant played a part in [her] punishment," Appellant's Br. at 10, this is no more than a "passing reference[]."  *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 682 (11th Cir. 2014).  She fails to explain how each of the two entities and 23 individuals the district court dismissed is responsible for her alleged mistreatment.  Accordingly, she has abandoned any argument that the district court erred in dismissing the Sheriff's Department, the Jail, and the 23 individual defendants.  *See id.*

objections, the district court adopted the R&R's alternative recommendation, modifying it slightly. The court allowed three of her claims to proceed, including the claims that (1) she was denied all contact with her co-defendant husband, (2) her incoming nonlegal mail was limited to postcards ("mail policy claim"), and (3) her rights to religious freedom were violated when the defendants accused her of misusing her prayer rug and ordered her to provide doctrinal support for her fast ("religious freedom claim"). The court dismissed her remaining claims pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.

The County Officers filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) seeking, among other things, dismissal of Wimbush's mail policy and religious freedom claims for failure to exhaust her administrative remedies. Before the court ruled on this motion, Wimbush filed an "Emergency Motion for Injunction," alleging that officials were preventing her from using the law library and requesting that the court enjoin the officials from restricting her access. The magistrate judge issued another R&R recommending that the district court deny Wimbush's emergency motion for injunction and grant the County Officers' motion to dismiss. Wimbush objected. Before the district court ruled on her objections, Wimbush filed a combined motion for leave to amend her complaint for a second time and for appointment of counsel. The district court overruled Wimbush's objections, adopted the R&R, denied her emergency motion

5

for an injunction, dismissed her mail policy and religious freedom claims, and denied her combined motion for leave to amend and for appointment of counsel.

Following discovery, the County Officers moved for summary judgment on Wimbush's claim that she was she was denied all contact with her co-defendant husband. The magistrate judge issued an R&R recommending that the County Officers' motion for summary judgment be granted ("Summary Judgment R&R"). Wimbush did not immediately object. Noting the absence of any objections, the district court adopted the Summary Judgment R&R, granted summary judgment to the County Officers on that claim, and entered a final judgment. The court also taxed the County Officers' costs against Wimbush.[3]

Before the district court granted summary judgment and entered final judgment, Wimbush had delivered to prison officials for mailing two additional filings. In one, Wimbush objected to the magistrate judge's Summary Judgment R&R. In the other, Wimbush again moved for leave to amend and for appointment of counsel. In support, Wimbush argued, in part, that she wished to add multiple claims, including her previously dismissed mail policy claim, for which she alleged she had, by then, "fully exhausted her administrative remedies." Doc. 83 at ¶ 8.[4]

---

[3] Although Wimbush argues on appeal that the district court erred in assessing "attorney's fees" against her, Appellant's Br. at 5, the district court in fact only taxed her with the County Officers' costs.

[4] "Doc. #" refers to the numbered entry on the district court's docket.

6

She also argued that she was not legally trained and needed the assistance of counsel. Before the district court could address either filing, Wimbush delivered to prison officials for mailing a motion for reconsideration of the court's order adopting the Summary Judgment R&R, arguing that she had timely filed both her objections and her second combined motion for leave to amend and for appointment of counsel.

The district court granted Wimbush's motion to reconsider. After reviewing the Summary Judgment R&R *de novo*, the court adopted it over Wimbush's objections. The court also denied her second combined motion for leave to amend and for appointment of counsel.

This is Wimbush's appeal.

## II.    STANDARDS OF REVIEW

We review *de novo* a district court's *sua sponte* dismissal of a claim pursuant to 28 U.S.C. § 1915A(b)(1), *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001). "We review a district court's interpretation of the . . . exhaustion requirement *de novo*." *Whatley v. Smith*, 898 F.3d 1072, 1082 (11th Cir. 2018) (emphasis added). "However, we review the district court's factual findings on the issue of exhaustion for clear error." *Id.* We review *de novo* a district court's grant of a summary judgment motion. *Ellis v. England*, 432 F.3d 1321, 1325 (11th Cir. 2005).

7

We review for abuse of discretion a district court's denial of a motion for a preliminary injunction, *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016), denial of a motion for leave to amend, *Long v. Satz*, 181 F.3d 1275, 1278 (11th Cir. 1999), denial of a motion for appointment of counsel, *Bass v. Perrin*, 170 F.3d 1312, 1319 (11th Cir. 1999), and award of costs to a prevailing party. *E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 619-20 (11th Cir. 2000).

## III.   DISCUSSION

Wimbush appeals several of the district court's orders.  Specifically, she argues that the district court erred by (1) "dismissing [pursuant to 28 U.S.C. § 1915A(b)(1)] [her] claims related to punishment of a pretrial detainee and the named defendant perpetrators," (2) denying her emergency motion for injunctive relief, (3) denying her leave to amend her complaint, (4) denying her request for appointment of counsel, (5) dismissing her mail policy and religious freedom claims for failure to exhaust administrative remedies, and (6) granting defendants' motion for summary judgment on her claim that she was she was denied all contact with her co-defendant husband, as well as assessing against her the defendants' attorney's fees.  Appellant's Br. at 5.  In addition to rebutting Wimbush's arguments, the County Officers argue that we should hold her in contempt of court, strike her brief, and dismiss her appeal because her brief was untimely filed and failed to comply with aspects of Federal Rules of Appellate Procedure 28(a) and

8

32(a).  We disagree with the County Officers' contention that Wimbush's brief was

untimely.[5]  And to the extent she has violated Rule 28(a) or Rule 32(a), which

respectively govern the content and format of appellate briefs, we exercise our

discretion to consider her brief on its merits.[6]  We will next address each of

Wimbush's arguments in turn.

## A.    Wimbush Has Abandoned Her Argument that the District Court Erred in Dismissing Her Claims Related to Punishment as a Pretrial Detainee.

The district court, pursuant to 28 U.S.C. § 1915A(b)(1), dismissed for failure

to state a claim all but three of the amended complaint's claims alleging unlawful

punishment of a pretrial detainee.  We review *de novo* a district court's *sua sponte*

---

[5] To the extent Wimbush untimely filed her brief, we *sua sponte* grant her leave to file out of time.  Further, in arguing that Wimbush's brief was untimely filed, the County Officers also argue that she failed to serve them with a designation of the parts of the record that she intended to include in her appendix to her brief and that she failed to file an appendix.  But this Court does not require an appellant to serve an appellee with a designation of parts of the record to be included in the appendix.  *Compare* Fed. R. App. P. 30(b)(1) (requiring the appellant to serve the appellee with such a designation in the absence of an agreement with the appellee), *with* 11th Cir. R. 30-1(a) ("Other than FRAP 30(a)(1), the requirements in FRAP 30 do not apply in this circuit.").  And, under this Court's local rules, Wimbush, an incarcerated *pro se* party, was not required to file an appendix.  *See* 11th Cir. R. 30-1(d) ("[A]n incarcerated pro se party is not required to file an appendix.").

[6] We decline to hold Wimbush in contempt of court.  Further, we *sua sponte* exercise our discretion to accept Wimbush's brief despite its deficiencies because she is *pro se* and because the brief sufficiently identifies the issues she raises on appeal.  *See West v. Peoples*, 589 F. App'x 923, 930 n.8 (11th Cir. 2014) (unpublished) (citing *Allstate Ins. Co. v. Swann*, 27 F.3d 1539, 1542 (11th Cir. 1994)) ("Since West is pro se, and since his brief, liberally construed, both sufficiently identifies the issues on appeal and contains assertions of district court error, we decline to find that West has waived and/or abandoned his arguments on appeal by failing to comply with Rule 28's requirements."); *Mendoza v. U.S. Att'y Gen.*, 327 F.3d 1283, 1286 n.4 (11th Cir. 2003) (exercising discretion to consider a counseled party's brief despite its failure to comply with Fed. R. App. P. 28(a)(9)(A)); *see also* Fed. R. App. P. 32(e) ("By local rule or order in a particular case, a court of appeals may accept documents that do not meet all the form requirements of this rule . . . .").

dismissal of a claim pursuant to § 1915A(b)(1). *Leal*, 254 F.3d at 1278-79. Under § 1915A(b)(1), a district court must dismiss a case where a pretrial detainee seeks redress from the government if the complaint fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). The same standards that apply to a dismissal under Federal Rule of Civil Procedure 12(b)(6) apply to a dismissal under § 1915A(b)(1). *See Jones v. Bock*, 549 U.S. 199, 215-16 (2007).

The Fourteenth Amendment's Due Process Clause prohibits state officials from punishing a pretrial detainee "'prior to an adjudication of guilt in accordance with due process of law.'" *Jacoby v. Baldwin Cty.*, 835 F.3d 1338, 1344 (11th Cir. 2016) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). But officials may "'subject [a pretrial detainee] to the restrictions and conditions of [a] detention facility so long as those conditions and restrictions do not amount to punishment or otherwise violate the Constitution.'" *Id.* at 1344-45 (quoting *Bell*, 441 U.S. at 536-37). "Whether a condition of pretrial detention amounts to punishment turns on whether the condition is imposed for the purpose of punishment or whether it is incident to some legitimate government purpose." *Id.* at 1345 (alteration adopted) (internal quotation marks omitted). "Restraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if they are discomforting and are restrictions

10

that the detainee would not have experienced had [s]he been released while awaiting trial." *Bell*, 441 U.S. at 540.

Wimbush argues the district court erred when it dismissed most of the claims in her amended complaint alleging unlawful pretrial punishment, allowing only three to proceed.[7]  Specifically, she contends that the dismissed claims should "have been allowed to proceed and in reference to all defendants, as all of their actions, regardless of other constitutional right violations, deprived [her] of her right to be free from punishment prior to an adjudication of guilt,[or] a valid conviction, by a competent court with jurisdiction."  Appellant's Br. at 10.  The County Officers respond that we lack jurisdiction to entertain this argument because the district court order dismissing these claims was a nonfinal, nonappealable order.

We have jurisdiction to consider Wimbush's argument concerning the claims alleging unconstitutional punishment of a pretrial detainee because the district court entered a final judgment after granting summary judgment.  By entering a final judgment, the district court rendered appealable all earlier orders that produced the judgment.  *Akin v. PAFEC Ltd.*, 991 F.2d 1550, 1563 (11th Cir.

---

[7] It is unclear from the amended complaint whether Wimbush intended each event alleged therein to support a separate claim for relief, or whether she intended each event to support a single claim of unlawful pretrial punishment.  We treat the dismissed allegations as independent claims alleging unlawful pretrial punishment because Wimbush in her brief refers to the dismissed allegations as separate claims, and because the district court appeared to treat them that way.

11

1993) ("When a district court enters a final judgment, all prior non-final orders and rulings which produced the judgment are merged into the judgment and subject to review on appeal." (internal quotation marks omitted)).

But we cannot conclude, on the grounds Wimbush urges, that the district court erred in dismissing the claims alleging that she was unlawfully punished as a pretrial detainee. Although the complaint alleged that more than 20 events occurring while Wimbush was detained at the Jail amounted to unconstitutional punishment of a pretrial detainee, she does not specifically address any of these allegations in her brief. Rather, she argues generally that all the alleged events constituted prohibited punishment. By failing to specifically address in her brief any of the claims she seeks to revive on appeal, Wimbush has abandoned her arguments for reversing the district court's dismissal of these claims. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority.").[8] Accordingly, we affirm the district court's dismissal of the claims alleging unconstitutional pretrial punishment.

---

[8] Wimbush states in her brief that "she was falsely imprisoned in the . . . Jail as a direct consequence of unlawful actions taken by the Courts." Appellant's Br. at 9. Aside from its conclusory nature, this allegation does not appear in the amended complaint and therefore provides no basis to vacate the district court's dismissal of the claims alleging unlawful pretrial punishment.

**B.    Wimbush's Emergency Motion for Injunctive Relief Is Moot.**

The district court denied Wimbush's emergency motion for injunctive relief after concluding that she sought injunctive relief as to a claim for denial of access to the courts, which was unrelated to the claims that were proceeding before the court.  The court further concluded that Wimbush had failed to exhaust her administrative remedies for this claim and that it lacked merit.  We review for abuse of discretion a district court's denial of a motion for a preliminary injunction.  *Wreal, LLC*, 840 F.3d at 1247.

Wimbush argues that the district court should not have denied her emergency motion for injunctive relief because Thomas retaliated against her after she sought legal redress against Thomas, Conway, and the Gwinnett County Sherriff's Office.  According to Wimbush, Thomas ordered various deputies to deny her access to notaries, "the right to research for the underlying case," and the opportunity to work on any "legal ventures" except her criminal case.  Appellant's Br. at 11.

Before addressing Wimbush's argument, we first consider whether her appeal of the district court's denial of her emergency motion for injunction is moot.  "Although the parties did not raise any question about mootness, we have an [independent] obligation to notice and decide mootness issues." *United States v. Sec'y, Fla. Dep't of Corr.*, 778 F.3d 1223, 1226 (11th Cir. 2015).  An issue becomes moot "when the issue[] . . . [is] no longer live or the parties lack a legally

13

cognizable interest in the outcome." *BankWest, Inc. v. Baker*, 446 F.3d 1358, 1364 (11th Cir. 2006) (internal quotation marks omitted).  When we determine that an issue raised on appeal is moot, we must dismiss the appeal as to that issue because "[a]n appellate court simply does not have jurisdiction under Article III [of the United States Constitution] to decide questions which have become moot by reason of intervening events." *Id.* at 1363-64 (internal quotation marks omitted).  A request for injunctive relief relating to conditions of confinement at a given institution becomes moot once the person raising the request has been transferred to another institution.  *See Spears v. Thigpen*, 846 F.2d 1327, 1328 (11th Cir. 1988) (concluding that an incarcerated person's "claims for injunctive and declaratory relief relating to the conditions of" confinement at a correctional facility became moot once the person was transferred to another facility).

Wimbush sought injunctive relief relating to the conditions of her confinement at the Jail, but she has since been transferred to a state prison.  Her request for injunctive relief is therefore moot.  *See Spears*, 846 F.2d at 1328.  As we lack jurisdiction to review the denial of her emergency motion for injunctive relief, we dismiss that portion of her appeal.[9]

---

[9] The County Officers argue that we must dismiss as untimely Wimbush's appeal of the district court order denying her emergency motion for injunctive relief because she failed to appeal within 30 days of the date when the order was entered.  We decline to address this argument because of our conclusion that we lack jurisdiction to entertain Wimbush's appeal as to this issue due to mootness.

14

**C.    The District Court Did Not Abuse Its Discretion In Denying Wimbush Leave to Amend.**

The district court twice denied Wimbush leave to amend her complaint. The district court first denied her leave to amend because it concluded that her attempt to amend her complaint to add a claim of denial of access to the courts would be futile as it was unrelated to the claims on which the court had allowed her to proceed. The district court again denied Wimbush leave to amend her complaint for several reasons, including because it again determined that she sought to add a claim that was unrelated to the only claim on which she was then proceeding, the claim that she was separated from her co-defendant husband.

We generally review for abuse of discretion a district court's denial of a motion for leave to amend. *Long*, 181 F.3d at 1278. Although a district court "should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a), "a motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the defendants, and futility of the amendment," *Mann v. Palmer*, 713 F.3d 1306, 1316 (11th Cir. 2013) (internal quotation marks omitted). A district court does not abuse its discretion by "deny[ing] a motion for leave to amend following the close of discovery, past the deadline for amendments and past the deadline for filing dispositive motions." *Lowe's Home Ctrs., Inc., v. Olin Corp.*, 313 F.3d 1307, 1315 (11th Cir. 2002).

15

Wimbush argues on appeal that she sought to amend her complaint for two reasons:  (1) to show that she exhausted her administrative remedies after she filed her first amended complaint and (2) because "she was deprived of her first amendment as a matter of right solely due to the forced, limited amendment by the Magistrate [Judge] in the pleading stage of the case."  Appellant's Br. at 11. Wimbush further states that she unsuccessfully moved the district court for appointment of counsel to help her prepare a second amended complaint.  We conclude that Wimbush has abandoned her argument that the district court erred in denying her motion for leave to amend by failing to address any of the grounds on which the district court based its decision.

In arguing that the district court erred in denying her leave to amend her complaint, Wimbush explains why she moved in the district court for leave to amend her complaint but fails to explain why she thinks the district court erroneously denied her motion.  The only authority she cites in the section of her brief devoted to this issue is Rule 15's instruction that a district court "should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a). Wimbush has thus abandoned any argument that the district court erred in denying her motion for leave to amend by failing to "advanc[e] any arguments or cit[e] any authorities to establish that [the district court's ruling] w[as] error."  *See Sapuppo*, 739 F.3d at 681.  Accordingly, we affirm the district court's denial of the motion.

16

**D.    The District Court Did Not Abuse Its Discretion In Denying Wimbush's Request for Counsel.**

The district court twice denied Wimbush's motion for appointment of counsel. The district court denied Wimbush's first request for counsel because it concluded that she had demonstrated her ability to prosecute the case and no exceptional circumstances existed to justify the appointment of counsel. The district court provided no explanation for its denial of Wimbush's second request.

We review a refusal to appoint counsel for abuse of discretion. *See Bass*, 170 F.3d at 1319. Appointment of counsel in a civil case is not a constitutional right and is justified only in exceptional circumstances. *Id.* at 1320. Exceptional circumstances exist "where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990).

Wimbush argues that the district court should have appointed counsel to represent her because she was not educated in the law, familiar with litigation, or able to effectively research and because she was indigent as a result of her incarceration. The County Officers respond that appointing counsel in a civil action is warranted only in exceptional circumstances, and that there is no evidence of exceptional circumstances here. The County Officers have the better side of this argument.

17

Here, by the time she filed her first motion to appoint counsel, Wimbush had demonstrated to the district court that she had the ability to file multiple intelligible and coherent filings with the court.  And her only claim that remained after the district court denied her first motion to appoint counsel, the claim challenging her separation from her co-defendant husband, presented no novel or complex legal issue.  *See Overton v. Bazzetta*, 539 U.S. 126, 131-32 (2003) (explaining that a prison regulation restricting an inmate's access to intimate association will be sustained so long as the "challenged regulation[ ] bear[s] a rational relation to legitimate penological interests").  We therefore conclude that the district court did not abuse its discretion in denying either of Wimbush's motions for appointment of counsel.  *See Bass*, 170 F.3d at 1320 (concluding "no exceptional circumstances that would require the appointment of counsel" existed for plaintiffs challenging conditions of confinement because "[t]he core facts of the case . . . [we]re not in dispute, and their legal claims . . . [we]re straightforward").

E.    **The District Court Did Not Err in Dismissing Wimbush's Mail Policy and Religious Freedom Claims for Failure to Exhaust Administrative Remedies.**

The district court dismissed Wimbush's mail policy and religious freedom claims for failure to exhaust administrative remedies after overruling her objections that the Jail failed to provide a grievance or other administrative review process to her and that there were only two levels to the grievance process.  "We

18

review a district court's interpretation of the . . . exhaustion requirement *de novo*." *Whatley*, 898 F.3d at 1082 (emphasis added). "However, we review the district court's factual findings on the issue of exhaustion for clear error." *Id.* "For all other facts, we accept as true the facts pleaded in [the] complaint and draw all reasonable inferences in [the plaintiff's] favor." *Id.*

A convicted prisoner has a First Amendment right to communicate by mail with family and friends, *see Perry v. Sec'y, Fla. Dep't of Corr.*, 664 F.3d 1359, 1363 (11th Cir. 2011), and to freely exercise her religion, *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). "[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987).[10] Although "[c]laims involving the mistreatment of . . . pretrial detainees in custody are governed by the Fourteenth Amendment's Due Process Clause instead of the Eighth Amendment's Cruel and Unusual Punishment Clause, which applies to such claims by convicted prisoners[,] . . . the applicable standard is the same, so

---

[10] The *Turner* inquiry involves four factors: (1) whether there is a "valid, rational connection between the regulation and the legitimate governmental interest put forward to justify it"; (2) "whether there are alternative means of exercising the right that remain [available]"; (3) whether and the extent to which accommodation of the asserted right will affect facility staff, detainees, and "the allocation of prison resources generally"; and (4) whether "the absence of ready alternatives is evidence of the reasonableness of a prison regulation," or "the existence of obvious, easy alternatives [is] evidence that the regulation is not reasonable." *Turner*, 482 U.S. at 89-90 (internal quotation marks omitted).

19

decisional law involving prison inmates applies equally to cases involving . . .

pretrial detainees." *Cottrell v. Caldwell*, 85 F.3d 1480, 1490 (11th Cir. 1996).

Under the Prison Litigation Reform Act, "[n]o action shall be brought with

respect to prison conditions under section 1983 of this title, or any other Federal

law, by a prisoner confined in any jail, prison, or other correctional facility until

such administrative remedies as are available are exhausted." 42 U.S.C.

§ 1997e(a). A district court must follow the two-step process we described in

*Turner v. Burnside*, 541 F.3d 1077 (11th Cir. 2008), to determine whether

dismissal of a complaint for failure to exhaust is proper. First, the district court

"looks to the factual allegations in the defendant's motion to dismiss and those in

the plaintiff's response, and if they conflict, [the court] takes the plaintiff's version

of the facts as true." *Id.* "If the defendants can establish failure to exhaust based

on the *plaintiff's* allegations, dismissal of the complaint is appropriate." *Whatley*,

898 F.3d at 1082. Second, if the district court cannot decide the exhaustion issue

at step one of the *Turner* analysis, then "the district court must make specific

findings in order to resolve the disputed factual issues related to exhaustion." *Id.*

(internal quotation marks omitted). "After making specific findings of fact, the

district court then decides whether under those findings the prisoner has

exhausted . . . available administrative remedies." *Id.* (internal quotation marks

omitted). The defendant bears the burden of showing that the plaintiff has not

20

properly exhausted her administrative remedies. *Id.* If a district court finds that a plaintiff has failed to exhaust administrative remedies, then the court must dismiss the suit. *Chandler v. Crosby*, 379 F.3d 1278, 1286 (11th Cir. 2004).

Wimbush argues on appeal that she was not required to exhaust her administrative remedies because there were no administrative remedies available to her. She contends in the alternative that "as a precautionary measure, [she] did complete all levels of the grievance procedure for all claims prior to departing from the [Jail]." Appellant's Br. at 13. Thus, according to Wimbush, "she was not required to exhaust any administrative remedy," but to the extent she was so required, "she did exhaust all administrative remedies and was denied the opportunity to amend her complaint to reflect such." *Id.* We are unpersuaded by Wimbush's arguments.[11]

A review of the district court's decision indicates that it resolved the exhaustion issue at the second *Turner* step by considering evidence in the record beyond the County Officers' motion and Wimbush's objections. The district court cited as support for its finding that administrative remedies were available to Wimbush an affidavit from Mark Thomas, a Captain in the Gwinnett County

---

[11] The County Officers argue that we lack jurisdiction to consider Wimbush's appeal of the dismissal of her mail policy and religious freedom claims because the district court order dismissing the claims was a nonfinal, nonappealable order. But again, we have jurisdiction to consider this aspect of Wimbush's appeal because the district court's entry of final judgment rendered appealable all earlier orders that produced the judgment. *See Akin*, 991 F.2d at 1563.

Sherriff's Office who is responsible for "overseeing all daily administrative functions [at] the Jail." Doc. 49-1 ¶ 2. Thomas testified that the Jail provides a three-step grievance process, that Wimbush filed dozens of grievances, that she failed to file a grievance "concerning her claim that her incoming nonlegal mail is limited to postcards," and that, for her religious freedom claim, Wimbush failed to "avail herself of step three of the grievance process, which is the grievance appeal." Doc. 49-1 ¶¶ 5-8. Based on this evidence, we conclude that the district court did not clearly err in finding that a grievance process was available to Wimbush. *See Whatley*, 898 F.3d at 1082-83 ("If the district court's account of the evidence is plausible in light of the record viewed in its entirety, we may not reverse it . . . ." (alteration adopted) (internal quotation marks omitted)). As for Wimbush's argument that she should have been allowed leave to amend her complaint to properly allege that she exhausted all administrative remedies, which she requested in her second motion to amend, we earlier concluded that she has abandoned her argument that the district court erred in denying that motion. Thus, we affirm the district court's dismissal of Wimbush's mail policy and religious freedom claims for failure to exhaust.

22

**F.    Wimbush Has Abandoned Her Arguments that the District Court Erred in Granting Summary Judgment to the Defendants and Assessing Costs Against Her.**

The district court granted the County Officers summary judgment on Wimbush's claim that she was she was denied all contact with her co-defendant husband; the court also taxed the County Officers' costs against her.

We review *de novo* a district court's order granting a summary judgment motion. *Ellis*, 432 F.3d at 1325. A pretrial detainee has a First Amendment right to intimate association, although this right is more limited than it is outside the confinement context. *Overton*, 539 U.S. at 131; *see also Cottrell*, 85 F.3d at 1490. A condition of confinement that limits intimate association will withstand constitutional challenge so long as the challenged regulation is rationally related to a legitimate penological interest. *Overton*, 539 U.S. at 132.

We review for abuse of discretion a district court's award of costs to a prevailing party. *W&O, Inc.*, 213 F.3d at 619-20. A district court may generally award a prevailing party costs pursuant to Federal Rule of Civil Procedure 54(d). *Id.* at 620. An award of costs is not the same as an award of attorney's fees. *See generally* Fed. R. Civ. P. 54.

Here, although Wimbush argues that the district court erred in granting the County Officers summary judgment, her argument consists solely of a statement of the applicable standard of review, without any supporting argument. By failing to

23

provide any supporting argument, Wimbush has abandoned her arguments on appeal that the district court erred in granting summary judgment to the County Officers and in assessing their costs against her. *See Sapuppo*, 739 F.3d at 681. We therefore affirm the district court on these issues.

## IV.    CONCLUSION

For the foregoing reasons, we affirm the district court in all respects.

**AFFIRMED.**